IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                         RESPONDENT

v.                              No. 6:10-cr-60008
                                No. 6:12-cv-6062

DEYONDY L. HIGGINS                                                                     MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed herein by DEYONDY L. HIGGINS, (hereinafter referred to as "Higgins") an inmate confined in the Federal Correctional Institution, Forrest City, Arkansas. ECF No. 33. The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 35.

**A. Procedural Background**:

    Higgins was indicted on March 31, 2010, in the Western District of Arkansas, and charged with one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g). ECF No. 1. On September 28, 2010 he plead guilty to the drug possession count as charged in the Indictment. ECF No. 24. On February 8, 2011 he appeared for sentencing and was sentenced to 120 months imprisonment, five (5) years supervised release, a fine of $2,000.00, and a $100.00 special assessment. ECF No. 31. At the time of his sentencing Higgins was subject to a 120 month

mandatory minimum sentence.  Higgins did not appeal the sentence.

**B. Instant Motion**:

On May 7, 2012, Higgins filed the instant Motion.  ECF No. 33.  With this Motion he alleges Congress has passed the Fair Sentencing Act ("the FSA"), and he should be sentenced under the provisions of the FSA.  He also alleged the United States Supreme Court had recently agreed to hear two cases addressing the application of the FSA to defendants whose criminal conduct occurred prior to the FSA's enactment, but who were sentenced following its effective date.

The Government, in its initial response, agreed the FSA should be applied to Higgins's sentence, and he should not have been subject to the 120 month mandatory minimum sentence. However, the Government also argued the binding precedent of the Eighth Circuit Court of Appeals prevented application of the FSA in Higgins's case.  *See, United States v. Sidney*, 648 F.3d 904, 908 (8th Cir.2011).  Thus, the Government argues Higgins's § 2255 Motion should be denied.  The Government noted in its response that should the Supreme Court reverse current Eighth Circuit precedent "then the government would not object to the court granting the defendant's petition to allow a resentencing hearing."  ECF No. 35, n. 3.

**C. Discussion**:

The Fair Sentencing Act was adopted by Congress in 2010.  The FSA increased the drug amounts triggering mandatory minimums for cocaine base ("crack") trafficking offenses from 5 grams to 28 grams in respect to the 5–year minimum and from 50 grams to 280 grams in respect to the 10–year minimum.  The FSA did not change the amounts required for mandatory minimum sentences for powder cocaine, leaving powder cocaine at 500 grams and 5,000 grams respectively.

The FSA took effect August 3, 2010, and the provisions of the United States Sentencing Guidelines implementing the FSA took effect on November 1, 2011.

Following enactment of the FSA, several of the Circuit Courts of Appeal came to different conclusions as to whether the Fair Sentencing Act's more lenient mandatory minimums apply to offenders whose unlawful conduct took place before the FSA was enacted, but whose sentencing took place after, the date it became effective, namely, August 3, 2010.  *Compare United States v. Douglas*, 644 F.3d 39, 42–44 (1st Cir. 2011) (FSA applies), and *United States v. Dixon*, 648 F.3d 195, 203 (3rd 2011) (FSA applies), with *United States v. Fisher*, 635 F.3d 336 (7th Cir. 2011)(FSA does not apply), *United States v. Sidney*, 648 F.3d 904, 910 (8th Cir. 2011) (FSA does not apply), and *United States v. Tickles*, 661 F.3d 212, 215 (5th Cir. 2011) (*per curiam*) (FSA does not apply).

The United States Supreme Court granted *certiorari* in two cases to address the conflict among the Circuit Courts.  In *Dorsey v. United States*, 132 S.Ct. 2321 (2012), the Supreme Court held that the FSA applied to defendants sentenced after its effective date, overruling the holding of *United States v. Sidney*, 648 F.3d 904, 910 (8th Cir. 2011).  The Court held: "we conclude that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders. That is the Act's 'plain import' or 'fair implication.'" *Dorsey*, 132 S. Ct. at 2335.

Accordingly, Higgins should be re-sentenced pursuant to the mandatory minimum standards adopted by Congress in the Fair Sentencing Act.

**D. Conclusion**:

Based on the foregoing, the undersigned recommends Higgins's Motion to Vacate, Set Aside,

or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 33) should be **GRANTED**. Higgins should be re-sentenced in accord with the Fair Sentencing Act of 2010.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

**DATED** this **7th day of November, 2012.**

        /s/ Barry A. Bryant
      HON. BARRY A. BRYANT
      U.S. MAGISTRATE JUDGE